**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DANIEL F. JOYCE,** ) | |
|      **Plaintiff,** ) | |
| **vs.** ) | **No.  3:11-CV-3152-D-BH** |
| ) | |
| **DALLAS INDEPENDENT SCHOOL** ) | |
| **DISTRICT, et. al,** ) | |
|      **Defendants.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, Plaintiff's claims should be **DISMISSED**.

**I. BACKGROUND**

Plaintiff, a former employee of a public school, sues the principal and the school district for libel and defamation.[1]  (Compl. & Civil Cover Sheet (doc. 3); MJQ Ans. 1-3 (doc. 12).)[2]  He contends that the principal falsely accused him in an evaluation and in a written reprimand of hitting children, and that he continues to make similar statements about Plaintiff even though Dallas Police Department and Child Protective Service investigations revealed no evidence to support the allegations. *Id.*  He seeks removal of the alleged defamatory material from his employment record, a public apology, and $1,500,000 in damages.  (MJQ Ans. 4.)

**III. JURISDICTION**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

---

[1] Although Plaintiff attaches an Equal Employment Opportunity Commision *Dismissal and Notice of Rights* to his complaint, he unequivocally states that he is not suing the defendants for discrimination in employment. He is only suing them for libel and defamation.  (Magistrate Judge's Questionnaire (MJQ) Ans. 1-3.)

[2] Plaintiff's sworn answers to the MJQ constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

      Plaintiff's sole claims against the defendants for libel and defamation arise under state law. *See Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980) (stating that libel and slander are matters which the State protects by virtue of its tort law). Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a).

      As the party seeking to invoke federal jurisdiction in this case, Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Because Plaintiff and the defendants are residents of the State of Texas, he has not met his burden to show that complete diversity exists between the parties, and his state law claims should be dismissed for lack of subject-matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.*, 273 F.3d 1103 (5th Cir. 2001) (dismissing defamation suit for lack of subject-matter jurisdiction where all parties were residents of same state).

## IV.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED on this 3rd day of January, 2012.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```